# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

|  |  |
|---|---|
| JOHN GRANT WALRAVEN and<br>JULIE WALRAVEN,<br><br>   Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>   Defendant. | CIVIL ACTION<br>FILE NO. 4:23-00124-WMR |

## **PROPOSED CONSOLIDATED PRETRIAL ORDER**

The following constitutes the Proposed Consolidated Pretrial Order entered in the above-styled case after conference with counsel for the parties:

### 1.

There are no motions or other matters pending consideration by the Court except as noted:

The parties anticipate filing motions in limine before the trial of this matter, in adherence to the provisions of the Federal Rules of Civil Procedure, the Northern District local rules, and the deadlines imposed by the Court.

2.

All discovery has been completed unless otherwise noted, and the Court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**Plaintiffs**: Discovery has been completed, except insofar as Plaintiffs reserve the right to take depositions for preservation of evidence and for use at trial, as needed and in a manner not inconsistent with the Court's deadlines and orders.

**Defendant Ford**:  Provided there is no resulting delay in readiness for trial, Ford reserves the right to take the depositions of any persons for the preservation of evidence and for use at trial.

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no question by any party as to the misjoinder or non-joinder of any parties.

The parties agree that this statement is correct.

4.

The parties agree there is no question as to the jurisdiction of the court. The applicable statute is 28 U.S.C. §1332(a).

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

For the Plaintiff:   Lance A. Cooper
THE COOPER FIRM
Georgia Bar No. 186100
531 Roselane Street
Suite 200
Marietta, GA 30060
(770) 427-5588
lance@thecooperfirm.com

For Defendant Ford Motor Company:

Michael R. Boorman
Watson Spence LLP
Bank of America Plaza
600 Peachtree St., NE, Ste. 2320
Atlanta, Ga 30308
(229) 436-1545
mboorman@watsonspence.com

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)). State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**Plaintiffs and Defendant Ford:** The parties agree that pursuant to Local Rule 39.3(B)(2)(b), Plaintiffs are entitled to open and close arguments to the jury.

3

7.

The captioned case shall be tried before a jury.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**Plaintiffs:**  The trial should be bifurcated pursuant to O.C.G.A. § 51-12-5.1.

**Defendant Ford:**  Ford request that trial be trifurcated pursuant to Fed. R. Civ. P. 42 and O.C.G.A. § 51-12-15(a), the latter of which calls for the following:

- Phase 1: to determine the fault of each defendant and all persons or entities that contributed to Plaintiff's injuries;

- Phase 2: (only if the jury finds in Phase 1 that the Ford is at least 50% at fault for Plaintiffs' injuries), to determine all compensatory damages to be awarded to Plaintiffs, if any;

- Phase 3: (only if the jury finds in Phase 2 that any compensatory damages are to be awarded to Plaintiff) to determine liability for punitive damages, and if such liability is found, any amount of punitive damages.

If the Court denies Ford's request for trifurcation, trial should instead be conducted in a single phase and should <u>not</u> be bifurcated, and Ford waives its right

to bifurcation as to the amount of punitive damages as set forth in O.C.G.A. § 51 - 12-5.1(d)(2).

For further discussion of Ford's request, please refer to Ford's Trial Brief on Trifurcation Under O.C.G.A. § 51-12-15.

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions that the parties request that the court propounds to the jurors concerning their legal qualifications to serve.

See Attachment "A."

10.

Attached hereto as Attachment "B-1" are the general questions that Plaintiff wishes to be propounded to the jurors on voir dire examination.

Attached hereto as Attachment "B-2" are the general questions which Defendant wishes to be propounded to the jurors on voir dire examination.

The Court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

5

Attachments "B-1" and "B-2" are below. As there are no other remaining parties, there is no Attachment "B-3," "B-4," etc.  The parties have agreed they will exchange objections to the other party's voir dire by July 24, 206 and file any remaining objections to each other's proposed voir dire questions on or before July 31, 2026.

11.

The statements of each party's objections to each other party's general voir dire questions are as follows:

**Plaintiffs' and Defendant Ford's Objections:**  The parties have agreed they will exchange objections to the other party's voir dire by July 24, 206 and file any remaining objections to each other's proposed voir dire questions on or before July 31, 2026.

12.

A statement of the reasons supporting a party's request, if any, for peremptory challenges in addition to those allowed by 28 U.S.C. § 1870.

**Plaintiffs:**  None.

**Defendant Ford:**  Ford understands that because of the anticipated length of trial, the Court intends to select eight (8) jurors—all of which will deliberate.  Unless otherwise directed herein, each side as a group will be allowed the same number of peremptory challenges as provided by 28 U.S.C. § 1870.

13.

State whether there is any pending related litigation. Describe briefly, including style and civil action number.

None.

14.

Attached hereto as Attachment "C" is Plaintiffs' outline of the case which includes a succinct factual summary of plaintiffs' cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statues, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiffs shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiffs shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment "C."

15.

Attached hereto as Attachment "D" is the Defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative

7

defenses relied upon and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading. For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

See Attachment "D."

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties. No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts. A refusal to do so may result in the imposition of sanctions upon the noncooperating counsel.

See Attachment "E."

8

17.

The legal issues to be tried are as follows:

**Plaintiffs:**  Strict Liability (duty, breach, causation, harm), Negligent Design (duty, breach, causation, harm), Failure to Warn (duty, breach, causation, harm), Pain and Suffering Damages, Loss of Consortium Damages, and Punitive Damages.

Plaintiffs object to the extent that the legal issues identified by Ford below are not inclusive of the entirety of Plaintiffs' expert opinions.  Plaintiffs reserve the right to present the entirety of their expert's testimony for the jury at trial.

**Defendant Ford**:

A. Whether Plaintiff John Grant Walraven's skin injuries were thermal burns;

B. Whether the subject 2018 Ford Edge SLE seat heater was defective in design because it was not limited to 105°F with a 10 minute shutoff feature;

C. Whether the lack of a 105°F limit with a 10 minute shutoff feature for the seat heater in the 2018 Ford Edge proximately caused Mr. Walraven's injuries and damages;

D. Whether the warnings in the subject 2018 Ford Edge owner's manual indicating the potential hazard of prolonged heat exposure to compromised occupants was inadequate;

E. Whether the allegedly defective warnings in the 2018 Ford Edge's owner's manual proximately caused Plaintiffs' injuries and damages;

F.  Whether John Grant Walraven was to some degree responsible for his injuries, and his related percentage of fault for his injuries;

G.  Apportionment of fault among Ford, if any, and Plaintiffs;

H.  The total amount of compensatory damages for John Grant Walraven's injuries, if any;

I.  The total amount of compensatory damages for Julie Walraven's loss of consortium, if any;

J.  Whether Plaintiffs have proven by clear and convincing evidence that Ford's actions in designing the 2018 Ford Edge seat heater showed willful misconduct, malice, fraud, wantonness, oppression, or an entire want of care that would raise the presumption of conscious indifference to consequences; and

K.  If punitive damages are authorized, the amount of punitive damages, if any, as proven by clear and convincing evidence.

18.

Attached hereto as Attachment "F-1" for the Plaintiffs, Attachment "F-2" for the Defendant, is a list of all the witnesses and their addresses for each party.  The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial.  Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use

as a witness can be reasonably anticipated must be included.  Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means.  Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

(a) A separate listing, by each party, of all witnesses (and their addresses) whom, that party will or may have present at trial, including expert (any witness who might express an opinion under Federal Rules of Evidence 702), impeachment, and rebuttal witnesses whose use can or should have been reasonably anticipated. Each party shall also attach to the party's list a reasonably specific summary of the expected testimony of each expert witness.

See Attachments "F-1" and "F-2."

19.

Attached hereto as Attachment "G-1" for the Plaintiffs and "G-2" for the Defendant are the typed lists of all documentary and physical evidence that will be

11

tendered at trial. Learned treatises which are expected to be used at trial shall not be admitted as exhibits. Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

**Plaintiffs:**  Plaintiffs' exhibits are listed in attachment "G-1."

**Defendant Ford:**  Defendant's exhibits are listed in attachment "G-2."

The Parties have conferred and agree to exchange Detailed Exhibit Lists and copies of all exhibits listed on their Exhibit Lists on July 13, 2026. Similarly, the Parties request that they have been given up through and including August 10, 2026, to file objections to the opposing party's exhibits.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**Plaintiffs and Defendant Ford:**

The parties have conferred and agree to exchange deposition designations on July 20, 2026.  The parties have further agreed to exchange counter-designations on July 24, 2026 and to file their deposition designations and counter-designations by July 31, 2026.

Any objection to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed, in writing, no later than the day the case is first scheduled for trial. Objections not perfected in this manner will be deemed

12

waived or abandoned. All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by stenographic means or videotape, shall not go out with the jury.

21.

Attached hereto as Attachment "H-2" for the Defendant, are any trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case. Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**Plaintiffs:** Plaintiffs also note that they will raise various evidentiary issues in their future motions in limine, which they would file consistent with the Court's established deadlines. Plaintiffs note they will file trial briefs on evidentiary or legal questions remaining as trial approaches or that arise at time of trial.

**Defendant**: See Attachment "H-2."

Ford respectfully requests the Court allow it to file additional trial briefs on peculiar evidentiary or legal questions remaining as trial approaches or that arise at the time of trial. Ford previously filed motions and briefs regarding issues that were ripe for Court determination in the past. Ford may rely on the authorities it cited in

prior motions and filings with the Court, as necessary, and respectfully requests to rely on case law that may be included in future filings with the Court.

Pursuant this Court's Order, the Parties will file motions *in limine* on/before June 15, 2026. Responses to Motions in Limine must be filed by June 22, 2026.

22.

The parties will submit a list of all requests to charge no later than 9:30 a.m. on the date the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered. Each party will include a short, one (1) page or less statement of the party's contentions to the request covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern (Rev. 03/01/11) APP.B – 27 Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be

shown in Attachment "J" to this Pretrial Order. If counsel cannot agree on a special form of submission, parties will propose their separate forms for the consideration of the court.

The parties have conferred and agree to exchange Proposed Verdict Forms by July 31, 2026.

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side. Should any party desire any additional time for argument, the request should be noted (and explained) herein.

**Plaintiffs**: Plaintiffs request one hour for opening statement and closing argument. This is a complex product liability case with multiple defendants, and, as such, the jury will benefit from additional time to preview and recap these issues.

**Defendant Ford:** If this case is trifurcated, no additional time is necessary per phase.

However, due to the volume of evidence and complexity of the issues expected at trial, if the case is tried in one phase, Ford requests that the Parties be given an additional thirty minutes (total one hour) to conduct their closing arguments, only.

25.

If the case is designated for trial to the court without a jury, counsel is directed to submit the proposed findings of fact and conclusions of law not later than the opening of the trial.

Not applicable.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties have held settlement discussions to discuss in good faith the possibility of settlement of this case. The court has not discussed settlement of this case with counsel. It appears at this time that there is:

(___) A good possibility of settlement.
(___) Some possibility of settlement.
( X ) Little possibility of settlement.
(___) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

The parties request that the Court specially set this case for trial because of the complexity of the issues presented and the number of out-of-state counsel and witnesses.

28.

The plaintiffs estimate that it will require three (3) days to present their evidence. The defendant estimates that it will take three (3) to four (4) days to present their evidence. It is estimated that the total trial time is seven (7) days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above-captioned case (X) submitted by stipulation of the parties or (_____) approved by the court after the conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of _____, 2026.

_____
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the foregoing pretrial order, which has been prepared in accordance with the form pretrial order adopted by this court.

**THE COOPER FIRM**

/s/ Lance A. Cooper
Lance A. Cooper
Georgia Bar No. 186100
Rebekah E. Cooper
Georgia Bar No. 531 Roselane Street,
Ste. 200
Marietta, GA 30060
(770) 427-5588
lance@thecooperfirm.com
*Attorneys for Plaintiff*

**CUNNINGHAM BOUNDS**

/s/ Glenn Kushel
Glenn Kushel
Georgia Bar No. 430498
Glenridge Highlands One
5555 Glenridge Connector
Suite 550
Atlanta, GA 30342
(404) 261-0016
gek@cunninghambounds.com
*Attorney for Plaintiff*

**WATSON SPENCE LLP**

/s/ Michael R. Boorman
Michael R. Boorman
Georgia Bar No. 067798
Paul E. Petersen, III
Georgia Bar No. 791066
Bank of America Plaza
600 Peachtree Street NE
Suite 2320
Atlanta, GA 30308
(229) 436-1545
mboorman@watsonspence.com
ppetersen@watsonspence.com
*Attorneys for Defendant*